**GRAVELL v. BAILEY et al.** (No. 7305.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1925.)

1. **Justices of the peace ⊜⊐124(1)—That complaint for possession of scales did not allege value held not to render judgment void.**

That complaint in justice court for possession of scales did not allege value of scales *held* not to render judgment awarding possession void.

2. **Justices of the peace ⊜⊐128(2)—Party failing to exhaust legal remedy of review of judgment of justice court held not entitled to restrain its enforcement.**

Party failing to seek review of justice's judgment by appeal to county court, or by certiorari, *held* not entitled to injunction to restrain enforcement of judgment.

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Suit by W. W. Gravell against W. M. Bailey and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

T. M. Milam, of Uvalde, for appellant.
Ditzler H. Jones, of Uvalde, for appellees.

COBBS, J. Appellant files this application for an injunction against appellees, alleging:

That "on the 16th day of July, A. D. 1924, defendant W. M. Bailey instituted suit against your petitioner in justice court of precinct No. 1 of Uvalde county, Tex., in which the defendant W. S. Gordon is justice of the peace, wherein W. M. Bailey was plaintiff, and your petitioner was defendant, numbered 402 on the docket of said court, for one pair of computing scales, described as follows: Stimson computing scales No. 80211, patented October 12, 1890, manufactured by Stimson Computing Scale Company of Detroit, Mich., and costs of suit, and afterwards, to wit, on the 4th day of August, A. D. 1924, plaintiff obtained judgment for said above described scales, together with costs of court, and defendants are now threatening to issue and have served such process of court as will put the defendant W. M. Bailey in possession of said scales, and issue execution for the costs of court.

"Plaintiff alleges and shows to the court that neither in the citation served on him, nor in any written or oral pleadings, nor in the evidence introduced upon the trial of said cause, nor in the verdict of the jury selected to try said cause, nor in the judgment of said court, was the value of said scales alleged, proven, found, or decreed.

"Plaintiff further alleges that, by reason of the failure to allege, prove, and have the jury find the value of said scales, and have same properly shown in the judgment, said judgment is wholly void, and of no force and effect, and that said justice court acquired no jurisdiction to try and determine same, and that by reason of said failure your plaintiff is unable to appeal said cause to the county court of Uvalde county, because of the following."

And in the prayer of his petition:

"Plaintiff prays the court that a writ of injunction issue herein restraining the defendant W. S. Gordon from issuing any sort of process which might place the same W. M. Bailey in possession of said scales, and the issuance of execution for costs, and restraining the defendant W. M. Bailey from having any sort of legal process issued by which he might obtain possession of said scales, and having execution issued for the costs therein, and restraining each of them from attempting to enforce said judgment in any manner. That defendants be cited to answer this petition, and that plaintiff have judgment that said injunction be made perpetual, and that said judgment in said justice court be declared null and void, and for costs of suit, and for such other and further relief, special and general, in law and equity, that he may be justly entitled to."

[1, 2] Upon the trial of the case the judgment was for appellee, and the cause was dismissed. The judgment of the justice court was not void because the complaint in the justice court did not allege the value of the scales, but an injunction was not the remedy. No appeal was taken from the judgment to the county court, and no reason is shown why an appeal could not have been prosecuted to the county court, where the trial would have been de novo, nor that it could not have been taken there by certiorari as well.

Appellant having a full, complete, adequate legal remedy at law, he failed to exhaust it, and therefore has shown no equity in his bill.

The judgment of the trial court is affirmed.

⊜⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes